In the Matter of RICHARD M. GOLD (Admitted as RICHARD MURRAY GOLD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 4, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.* (*Grace D. Moran* of counsel), for petitioner.

*Gerald L. Lotto* for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained five of

seven charges of professional misconduct against the respondent, specifically Charges One, Two, Three, Four and Seven. Charge Five was not sustained and Charge Six was withdrawn by the petitioner prior to the hearing. The petitioner moved to confirm the report of the Special Referee, and the respondent cross-moved to disaffirm the report to the extent that it sustained Charges One, Four and Seven.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation. In or about August 1981 the respondent represented the seller of certain premises. The title company discovered seven judgments against the seller. At the closing the following month, the respondent agreed to dispose of the judgments by either proceeding or satisfaction. When the respondent failed to take any action, one of the creditors issued an execution to the Sheriff of Suffolk County on one of the judgments. Despite repeated assurances by the respondent that the judgment would be paid, the respondent did not take any action and the title company ultimately paid the judgment.

Charge Two alleged that the respondent neglected a legal matter and engaged in conduct involving deceit, dishonesty and misrepresentation. In or about 1977 the respondent was retained to handle an action for false arrest. In or about February 1978 he served a summons but failed thereafter to serve a complaint. In or about December 1982 the action was dismissed based upon his failure to do so. The respondent continued to assure his client that the matter was on the calendar, although the action had been dismissed. It was not until in or about June 1983 that the client learned of the dismissal at the Suffolk County Clerk's office.

Charge Three alleged that the respondent neglected a legal matter and engaged in dishonesty and misrepresentation. The respondent was retained to represent an individual in a personal injury action. He instituted the action by the service of a summons. However, the action was dismissed on June 9, 1982, owing to the respondent's failure to serve a complaint. The respondent never informed his client that her action had been dismissed. Instead, he repeatedly assured her that her action was on the calendar. The client discovered that her action had been dismissed following a visit to the Suffolk County Clerk's office.

Charge Four alleged that the respondent neglected a legal matter and engaged in conduct involving fraud, deceit and

misrepresentation. The respondent was retained to represent his client's rights and interests with respect to an automobile accident in which the vehicle had been totally destroyed. There was an outstanding loan on the car in the amount of approximately $2,864.25. The bank holding the loan sought a summary judgment against the respondent's client for the outstanding amount of the loan. Summary judgment was obtained against the client. Thereafter, the respondent informed his client and the Grievance Committee that the insurance company, which had issued the comprehensive policy on the car, had paid the judgment. In fact, the insurance company had not paid the judgment, which remains a matter of record against the client.

Charge Seven alleged that the respondent neglected a legal matter and engaged in conduct involving fraud, deceit and misrepresentation. In or about October 1984, the respondent was retained to pursue a property damage claim and a claim for medical expenses against his client's insurance carrier and to commence an action against Suffolk County. The action and the claims arose out of an automobile accident. The client provided the respondent with the title certificate to her car and her medical bills. In the spring of 1985 the respondent told his client that in December 1984 he had sent the title certificate to her car to the insurance carrier and that she could expect payment shortly. In August 1985 the client learned that her medical bills had not been paid and that contrary to the respondent's assertions, the title certificate to her car had not been supplied to the insurance carrier. When confronted by his client, the respondent advised her that he had negotiated a settlement with the insurance carrier. In November 1985 the client learned that her car had been sold "for parts" because the storage fees exceeded its value and that the respondent had neglected to file a notice of claim against Suffolk County within the required time period.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining Charges One, Two, Three, Four and Seven. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion, *inter alia,* to disaffirm so much of the report of the Special Referee's report which sustained Charges One, Four and Seven, is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating

circumstances advanced by the respondent. Nevertheless, the respondent is suspended from the practice of law for a period of three years, commencing November 25, 1991, and until further order of this court.

MANGANO, P. J., BRACKEN, KUNZEMAN, SULLIVAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent Richard M. Gold is suspended from the practice of law for a period of three years, commencing November 25, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of three years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys *(see,* 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Richard M. Gold is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.